ORIGINAL

Case 1:19-cr-00190-UA Document 1 Filed 03/19/19 Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 9 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

STEVEN ARCE,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MISDEMEANOR INFORMATION

19 Cr. ____

**19 CRIM 190**

### RELEVANT ENTITIES AND INDIVIDUALS

1. STEVEN ARCE, the defendant, is a former Supervising Special Officer with the New York City Department of Homeless Services ("NYC DHS"), where he was employed from in or about 2000 through 2016. Among other responsibilities, ARCE had supervisory authority over the budget for his unit.

2. NYC DHS is a city agency that principally addresses issues of homelessness, including working to prevent homelessness before it occurs, reducing street homelessness, and assisting New Yorkers in transitioning from shelter into permanent housing. Among other responsibilities, DHS provides temporary emergency shelter to individuals experiencing homelessness. NYC DHS employs approximately 2,000 individuals.

3. NYC DHS contains a law enforcement agency, the Department of Homeless Services Police Department ("DHSPD"), made up of DHS Police Officers, whose duties include providing site security services to DHS, including on-site at shelter

facilities. Although DHSPD officers perform certain law enforcement tasks, members of the DHSPD are not authorized to and do not carry firearms in connection with their DHSPD duties. Officers with the DHSPD are not issued firearms and are not required to demonstrate firearm proficiency or qualification as part of their DHSPD duties and responsibilities.

## OVERVIEW

4. Between in or about 2014 and in or about 2016, STEVEN ARCE, the defendant, during the course of his employment with DHS, improperly and corruptly converted, stole, and misapplied NYC DHS funds, which were held in a bank account or accounts controlled by New York City, to his personal benefit. In particular, ARCE utilized NYC DHS contracting processes to make unauthorized and personal purchases of firearms ammunition and accessories, not exceeding $1,000.

## UNAUTHORIZED PERSONAL PURCHASES

5. Employees and officers of DHS primarily have two methods to make purchases on behalf of, and for the benefit of, NYC DHS.

    a. First, certain NYC DHS employees are issued purchase cards, or "P-cards," which are credit cards for which New York City pays the monthly bills. STEVEN ARCE, the defendant, was one of the NYC DHS employees who was issued a P-card during the charged period.

b. Second, NYC DHS employees may make purchases through the NYC procurement process commonly referred to as requirements contracts. Through requirements contracts, purchases of necessary items and services may be made from approved vendors, subject to an approval and submission process. As an NYC DHS employee, ARCE had the authority to make purchases on behalf of NYC DHS through the use of requirements contracts.

6. During the charged period, STEVEN ARCE, the defendant, improperly purchases goods using requirements contracts to obtain, among other things, firearms ammunition, firearms accessories, and other personal purchases and accessories, that were for the personal use of ARCE and others known and unknown.

COUNT ONE

(Bank Theft)

The United States Attorney charges:

7. From in or about 2014 through in or about 2016, in the Southern District of New York and elsewhere, STEVEN ARCE, the defendant, and others known and unknown, willfully and knowingly did take and carry away, with intent to steal and purloin, property and money and any thing of value not exceeding $1,000 in the care, custody, control, management, or possession of a bank, to wit, ARCE caused New York City funds in the

possession of a bank to be used to make unauthorized, personal purchases of firearms ammunition and accessories.

(Title 18, United States Code, Section 2113(b).)

## FORFEITURE ALLEGATION

8.  As a result of committing the offense alleged in Count One of this Information, STEVEN ARCE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency of less than $1,000, representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Assets Provision

9.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

        *Geoffrey S. Berman*
        GEOFFREY S. BERMAN
        United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

v.

**STEVEN ARCE,**

Defendant.

MISDEMEANOR INFORMATION

19 Cr. \_\_\_\_

(18 U.S.C. § 2113(b).)

GEOFFREY S. BERMAN
United States Attorney.